**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **SHELBY LALIBERTE,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:24-cv-22 (MTT)** |
| ) | |
| **DG DISTRIBUTION SOUTHEAST, LLC,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

Plaintiff Shelby Laliberte filed this action under Title VII of the Civil Rights Act of 1964 and 1991 against Defendant DG Distribution Southeast, LLC, alleging claims of retaliation and discrimination based on sex and pregnancy.  Doc. 12.  DG Distribution moves to dismiss, arguing this action is untimely because Laliberte failed to file suit within 90 days of "receiving adequate notice that the EEOC dismissed her charge" and issued notice of the right to sue.  Docs. 15; 15-1 at 5.  Although DG Distribution asks the Court to dismiss Laliberte's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), both parties submitted additional materials in connection with DG Distribution's motion to dismiss.  *See* Docs. 11; 14; 15-1.

As the parties are aware, plaintiffs proceeding under Title VII must exhaust their administrative remedies by filing a charge with the EEOC before bringing their claims in federal court.[1]  *See* 42 U.S.C. § 2000e-5.  In unpublished cases, the Eleventh Circuit

---

[1] If the Commission determines after an investigation "that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify" the employee.  42 U.S.C. § 2000e-5(b).

has held that "[e]xhaustion of [Title VII] administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008), which addresses exhaustion of remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (extending *Bryant* to Title VII cases). Thus, this Court has ruled that the Court may consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Gorham v. Houston Healthcare Sys., Inc*., 2022 WL 2160398, at *2 (M.D. Ga. June 15, 2022) (quoting *Bryant*, 530 F.3d at 1376 (citations omitted)).

This Court has also recognized that this standard of review could be questioned after the Supreme Court's ruling in *Fort Bend County v. Davis*, which held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating adjudicatory authority of the courts." 587 U.S. 541, 551 (2019); *Gorham*, 2022 WL 2160398, at *2. Although *Fort Bend County* does not directly implicate the reasoning of the cases cited above, it is possible that *Fort Bend County* could lead the Eleventh Circuit to revisit the procedure for resolving Title VII exhaustion issues, particularly given that its decisions extending *Bryant* to Title VII are unreported. *See Swauger v. Ashley,* 2020 WL 2218937, at *3 n.2 (N.D. Ala. May 7,

---

"When the employee receives a notice of dismissal from the Commission, she has 90 days to file a civil action against the employer." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1340 (11th Cir. 2017) (citing 42 U.S.C. § 2000e-5(f)(1)).

2020) (addressing the possible implication of *Fort Bend County* on Title VII federal claims), *aff'd and remanded sub nom. Swauger v. Dep't of Def. - Def. Intel. Agency*, 852 F. App'x 393 (11th Cir. 2021).  Although there is not yet any direct authority from the Eleventh Circuit, most courts appear to evaluate a motion to dismiss a Title VII complaint for failure to exhaust administrative remedies under Rule 12(b)(6) for failure to state a claim.

Because the defendant's motion and the plaintiff's response clearly require the Court to consider matters outside the pleadings, the Court converts the defendant's motion (Doc. 15) to one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).  Plaintiff **SHALL FILE** any factual material or additional argument in opposition to the defendant's motion no later than **August 28, 2024**.  Defendant **SHALL FILE** any reply no later than **September 11, 2024**.  The parties may incorporate by reference their arguments made in previously filed briefs.

**SO ORDERED**, this 30th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT