IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELBY LALIBERTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-22 (MTT) |
| | ) |
| DG DISTRIBUTION SOUTHEAST, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Shelby Laliberte filed this action under Title VII of the Civil Rights Act of 1964 and 1991 against Defendant DG Distribution Southeast, LLC, alleging claims of retaliation and discrimination based on sex and pregnancy.  Doc. 12.  DG Distribution moved to dismiss, arguing the action is untimely because Laliberte failed to file suit within 90 days of "receiving adequate notice that the EEOC dismissed her charge" and issued Notice of the Right to Sue Letter.[1]  Docs. 15; 15-1 at 5.  On July 30, 2024, the Court converted the motion (Doc. 15) to one for summary judgment under Rule 56 and gave the parties an opportunity to supplement the record with any evidence deemed necessary to resolve the issue of whether Laliberte exhausted her administrative

---

[1] Although both parties submitted materials outside the complaint (Docs. 11; 14; 15-1), Laliberte argued the EEOC records provided by the defendant were "not mentioned in [her] complaint and therefore should not be considered" by the Court.  Doc. 13 at 9 n. 2.  Because the Supreme Court's decision in *Fort Bend County v. Davis*, 587 U.S. 541, 551 (2019) could lead the Eleventh Circuit to revisit unpublished authority treating exhaustion of Title VII administrative remedies as a matter in abatement, and thus a matter for the court, rather than a jury to resolve, the Court converted the motion to a motion for summary judgment.  Doc. 18.  As it turned out, the relevant facts are undisputed, and the Court has not engaged in fact finding.

remedies.  Doc. 18; *see* Fed. R. Civ. P. 12(d).  For the following reasons, the defendant's converted motion for summary judgment (Doc. 15) is **GRANTED**.

## I. BACKGROUND[2]

On April 30, 2021, Laliberte timely filed a Charge of Discrimination with the EEOC.  Docs.14 ¶ 3; 19-1 ¶ 9; 21 ¶ 9.  On October 5, 2023, Laliberte's attorney requested a Right to Sue Letter from Crystal Gibson, the EEOC Investigator assigned to Laliberte's charge.  Docs. 14 ¶ 5; 19-1 ¶ 10; 21 ¶ 10.  Gibson responded the same day that the Letter would be forthcoming.  Doc. 15-1 at 66.

On October 10, 2023, the EEOC issued a Notice of Right to Sue Letter and uploaded it to the EEOC public portal.  Docs. 14 ¶ 6; 19-1 ¶ 11; 21 ¶ 11.  Laliberte's attorney, and her paralegal, Trisha Smith, also received email notifications, stating: "A new document was added to [Laliberte's] EEOC Charge."  Docs. 14 ¶ 6, at 9; 19-1 ¶11; 21 ¶ 11.  Neither Laliberte nor her attorney could access the document due to technical issues,[3] so Smith asked Gibson to email her a copy of the document.  Docs.14 ¶¶ 7-8; 19-1 ¶ 15; 21 ¶ 15.

On October 11, 2023, Gibson emailed Smith a copy of the Right to Sue Letter, with the subject line "Notice of Right to Sue."  Docs. 14 ¶ 14; 19-1 ¶ 16; 21 ¶ 16.  Smith then forwarded the email and its attachment to Laliberte's attorney.  Docs. 14 ¶ 15; 19-1 ¶ 17; 21 ¶ 17.  Laliberte's attorney admits that electronic records indicate that the email

---

[2] Unless otherwise stated, these facts are undisputed and are from the declaration filed by Laliberte's attorney (Doc. 14), Laliberte's statement of material facts (Doc. 19-1), and the defendant's response (Doc. 21).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] The EEOC informed Laliberte directly that she was unable to access the Portal because her email had never been uploaded into the system.  Docs. 14 ¶ 12; 19-1 ¶ 20; 21 ¶ 20.  The nature of her attorney's technical difficulties is unknown to the Court.

to her was opened and marked as read on October 11, but she does not recall reviewing the email or its attachment. Docs. 14 ¶ 15; 19-1 ¶ 18; 21 ¶ 18.

On November 3, 2023, the Right to Sue Letter still had not been accessed or downloaded through the portal, so the EEOC mailed Laliberte's attorney a follow-up letter, stating that a dismissal and "Notice of Rights" had been issued and that a copy was enclosed. Docs. 14 at 25; 19-1 ¶ 21; 21 ¶ 21. Laliberte's attorney claims "[n]o letter was enclosed." Docs. 14 ¶ 16; 19-1 ¶ 21; 21 ¶ 21.

On January 11, 2024, Laliberte attempted to file her complaint, but it was rejected due to a filing error. Docs. 19-1 ¶ 22; 21 ¶ 22. Laliberte successfully filed her complaint the next day. Docs.1; 14 ¶ 18; 19-1 ¶ 23; 21 ¶ 23. In the complaint, Laliberte alleges she did not receive "the Notice" until November 3, 2023.[4] Doc. 12 ¶ 6.

On June 12, 2024, DG Distribution Southeast moved to dismiss the action as untimely because Laliberte filed her complaint on January 12, 2024, 94 days after the EEOC issued the Right to Sue Letter on October 10, 2023. Docs. 7; 15; 15-1 at 4, 5. On July 30, 2024, the Court converted the defendant's motion to dismiss (Doc. 15) to one for summary judgment and gave the parties an opportunity to supplement the record with any evidence deemed necessary to resolve the issue of whether Laliberte exhausted her administrative remedies.[5] Doc. 18; *see* Fed. R. Civ. P. 12(d). Both did so. Docs. 19; 21.

---

[4] Documents attached to an affidavit filed by Laliberte's attorney show that Smith emailed a copy of the Right to Sue Letter directly to Laliberte on October 19, 2023. Doc. 14 at 20.

[5] Neither party has moved for discovery under Federal Rule of Civil Procedure 56(d), and the facts necessary to resolve the issue of whether Laliberte exhausted her administrative remedies are undisputed.

## II. STANDARD

A Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[]—that is, point[] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id*. at 1438 (quoting *Celotex*, 477 U.S. at 325) (alterations in original).  Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id*.

The burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings."

*Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact." *Id*. (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), "the court may … consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge … [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

A plaintiff proceeding under Title VII must file suit within 90 days of the EEOC's Notice of Right to Sue Letter. 42 U.S.C. § 2000e-5 ("If a charge filed with the [EEOC] … is dismissed …. [the EEOC] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought … by the person claiming to be aggrieved."); *see Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir.1999). In the Eleventh Circuit, this 90-day period begins when the plaintiff or her attorney *receives* "adequate notice" that the EEOC has concluded its investigation and issued a Right to Sue Letter.[6] *Santini v. Cleveland Clinic*, 232 F.3d 823, 825 (11th Cir. 2000); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990). When

---

[6] *See Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 867 n.5 (11th Cir. 2020) ("Such 'receipt' may be by the plaintiff, the plaintiff's counsel, or counsel's law office.") (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990); and *Decker v. Anheuser-Busch*, 632 F.2d 1221, 1223–24 (5th Cir. 1980)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981).

adequate notice is received turns on the particular facts of the case. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005).

Generally, notice is complete when the plaintiff or her attorney actually receives the Right to Sue Letter.[7]  *Kerr*, 427 F.3d at 952 (citation omitted).  However, a plaintiff's actual knowledge that the EEOC has concluded its investigation—for example, a request for a Right to Sue Letter—may trigger the start of the filing period, even if written notice has not yet been received.  *Kerr*, 427 F.3d at 954; *see Winsor v. Home Depot U.S.A., Inc.*, 743 Fed. Appx. 335 (11th Cir. 2018) ("We have declined to impose a requirement of 'actual receipt' of the right-to-sue letter where it might foster a manipulable open-ended time extension which would render the statutory limitation meaningless.").  Thus, if the plaintiff knew or should have known that the EEOC issued a Right to Sue Letter, the limitation period may start within a "reasonable time," even if actual receipt of the Right to Sue Letter was delayed or disputed.  *Kerr*, 427 F.3d at 951.  Courts must determine whether the plaintiff took reasonable steps to ensure receipt of the Right to Sue Letter and whether any "fortuitous circumstances" or events beyond the plaintiff's control prevented her from receiving the Letter.  *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982).  If the plaintiff can show that she did not receive the notice through no fault of her own, the limitation period begins when notice is actually received.  *Zillyette,* 179 F.3d at 1339.  Once contested, the plaintiff bears the burden to show that her complaint is timely.  *Kerr*, 427 F.3d at 954.

---

[7] Here, the Right to Sue Letter (or notice that the Letter had been issued) was, on the relevant dates, received by email.  Docs. 14 ¶ 15; 19-1 ¶ 18; 21 ¶ 18.  Thus, any presumption for documents sent by mail is not applicable.  *See Zillyette*, 179 F.3d at 1342.

Laliberte argues that the limitations period did not begin until November 3, 2023, when she alleges she received the formal Notice of Right to Sue Letter because neither she nor her attorney could access the Letter when it was initially uploaded to the EEOC portal on October 10, 2023.[8]  Docs. 12 ¶ 6; 19 at 7.  This argument fails.

First, Laliberte had adequate notice of the Right to Sue Letter on October 10, 2023.  On October 5, 2023, Laliberte's attorney, through her paralegal, asked the EEOC to issue a Right to Sue Letter, and Gibson responded the same day that the Letter would be forthcoming.  Doc. 15-1 at 66.  On October 10, the EEOC notified Laliberte's attorney and her paralegal by email that, as Laliberte's attorney puts it, "an important document" had been uploaded to the EEOC portal.  Docs. 13 at 2; 19 at 12.  In *Kerr*, the Eleventh Circuit held that a request for a Right to Sue Letter is sufficient to establish actual knowledge that the EEOC has concluded its investigation and that the 90-day limitation period will begin to run within a reasonable time after that request.  *Kerr*, 427 F.3d at 954.  Thus, despite technical issues accessing the document, Laliberte's attorney had adequate notice of the Right to Sue Letter on October 10, 2023, based on the October 5 communications with the EEOC and the October 10 email notification that an "important document" had been uploaded to the portal.

Second, Laliberte's attorney actually received the Right to Sue Letter by email on October 11, 2023.  Specifically, because neither Laliberte nor her attorney could access the document uploaded to the EEOC portal on October 10, 2023, the attorney's paralegal asked the EEOC Investigator to email her a copy of the document uploaded to the portal.  Docs.14 ¶¶ 7-8; 19-1 ¶ 15; 21 ¶ 15.  Laliberte's attorney admits that on

---

[8] Laliberte does not argue equitable tolling applies, and it does not appear, on this record, that grounds for tolling exist.

October 11, 2023, her paralegal received the Right to Sue Letter from the EEOC Investigator by email and forwarded her a copy of the Letter.  Docs. 14 ¶ 14, at 4-5; 19-1 ¶ 17; 21 ¶ 17.  Laliberte's attorney admits the email to her was opened and marked as read the same day.  Docs. 14 ¶ 15, at 4-5; 19-1 ¶ 18; 21 ¶ 18.  That Laliberte's attorney does not recall reviewing the email or its attachment is of no consequence.  *See Irwin*, 498 U.S. at 96; *see also Lewis*, 673 F.2d at 1242 (citing with approval *Decker v. Anheuser-Busch*, 632 F.2d 1221, 1224 (5th Cir. 1980) ("[T]he notice is effective from the time of its delivery to the attorney's office, without regard to when the attorney may have actually read the communication."), *vacated by* 670 F.2d 506 (5th Cir. 1982) (en banc)).  In short, Laliberte's attorney and her paralegal actually received the Right to Sue Letter on October 11 and the 90-day limitation period began, at the latest, on that day.

In sum, Laliberte had adequate notice of the EEOC's issuance of the Notice of Right to Sue Letter on October 10, 2023, because Laliberte's attorney requested a Right to Sue Letter on October 5 and received an email notification that "an important document" had been uploaded to the EEOC portal on October 10.  Docs. 13 at 2; 15-1 at 65; 19 at 12.  Therefore, the deadline to file this lawsuit was January 8, 2024.  Alternatively, Laliberte's attorney actually received the Right to Sue Letter on October 11, 2023, and thus the deadline to file her lawsuit would be January 9, 2024.  Docs. 14 ¶ 14, at 4-5; 19-1 ¶ 18; 21 ¶ 18.  Either way, Laliberte's complaint is untimely, and the defendant's motion (Doc. 15) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, the defendant's converted motion for summary judgment (Doc. 15) is **GRANTED**.  Accordingly, this action is hereby **DISMISSED** with prejudice.

**SO ORDERED**, this 2nd day of December, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT